IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARSLES R. FORD #N-33912, | ) |
| | ) |
|                Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00058-MJR |
| | ) |
| CRAIG FOSTER, | ) |
| DR. AFUWAPE, | ) |
| MARJORIE WEATHERS, | ) |
| and MARY JOHNSON, | ) |
| | ) |
|                Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

    Plaintiff Charles Ford, an inmate who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his Eighth Amendment rights at Vandalia. Plaintiff claims that he has been denied adequate medical care for a fractured arm, dislocated shoulder, and rotator cuff injury since August 2015. (Doc. 1 at 5-7). He now sues four Vandalia officials, including Craig Foster (warden), Doctor Afuwape (prison doctor), Marjorie Weathers (health care unit supervisor), and Mary Johnson (health care unit administrator). Plaintiff seeks monetary damages and additional medical care. (*Id*. at 8).

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is

immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

According to the complaint, Plaintiff injured his arm and shoulder in June 2015, while he was detained at Cook County Jail in Cook County, Illinois. (Doc. 1 at 5, 12). He was sent to a hospital for x-rays and diagnosed with a fractured arm and a dislocated shoulder. (*Id*.). Plaintiff's medical providers decided not to treat his shoulder injury until his fractured arm healed. (*Id*. at 12).

In August 2015, Plaintiff transferred to Stateville Correctional Center. (*Id*. at 5-7). While there, he was sent for more x-rays and told that he would receive treatment for his injuries at his next facility. He transferred to Vandalia on August 27, 2015.

The day after he arrived, Plaintiff met with Doctor Afuwape. The doctor examined Plaintiff's arm, but not his shoulder. Rather than treat his lingering injuries, Doctor Afuwape instructed Plaintiff to put in a sick call slip if he wanted the doctor to do anything. Plaintiff did so, but heard nothing from Doctor Afuwape.

He filed a round of grievances to complain about the lack of medical care he had received at Vandalia for his arm and shoulder. The grievances were denied at each level, including a denial of a detailed grievance by Warden Foster. However, Plaintiff was put in line to see the doctor. Doctor Afuwape eventually met with him and referred him to a physical therapist for rehabilitative treatment.

Plaintiff saw the physical therapist ten days later. He was prescribed exercises to perform, under the supervision of prison medical staff, twice daily. Plaintiff was only called to Vandalia's health care unit once daily. Further, he showed no signs of improvement. (*Id*. at 5).

Plaintiff filed a second round of grievances. In mid-November, he received a response, indicating that Doctor Afuwape had instructed Plaintiff to perform the exercises in his dorm. Plaintiff denies any communication with Doctor Afuwape on this subject. The doctor subsequently referred him for a second appointment with a physical therapist on December 7, 2015. He claims that this appointment was never actually scheduled. (*Id*. at 6).

Plaintiff's shoulder injury has not healed and is causing him pain. While meeting with a different doctor about an unrelated matter on January 4, 2016, the doctor told Plaintiff that his rotator cuff is damaged. (*Id*. at 7). Plaintiff met with Doctor Afuwape to discuss the injury on January 5, 2016, but Doctor Afuwape continued to recommend physical therapy and nothing more.

Plaintiff disagrees with this treatment plan. He insists that his shoulder injury, in particular, is not healing. Even so, the doctor has provided him with no alternative treatment options. He now sues Defendants Foster, Afuwape, Weathers, and Johnson for monetary damages and medical treatment at an outside facility. (*Id*. at 8).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* complaint into the following count:

**Count 1:** **Eighth Amendment deliberate indifference to medical needs claim against Defendants for denying Plaintiff adequate treatment for his arm and shoulder injury at Vandalia.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

## Discussion

Plaintiff's claim of inadequate medical care arises under the Eighth Amendment, which "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). "A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is 'objectively sufficiently serious.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). For screening purposes, Plaintiff's fractured arm, dislocated shoulder, and rotator cuff injury satisfy the objective component of this claim.

The question then becomes whether any of the defendants responded to Plaintiff's serious medical needs with deliberate indifference. A prison official acts with deliberate indifference when he "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno*, 411 F.3d at 653. Deliberate indifference does not arise from a mere disagreement with the form of treatment an inmate receives. Inmates are not entitled to demand specific treatment or even "the best care

possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Under the Eighth Amendment, an inmate is "entitled to reasonable measures to meet a substantial risk of serious harm" to that inmate. *Id*. Neither "medical malpractice nor mere disagreement with a doctor's medical judgment" is sufficient to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)).

At the same time, a prisoner is also "not required to show that he was literally ignored." *Berry*, 604 F.3d at 441 (citing *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). The Seventh Circuit has held that a doctor's choice of "easier and less efficacious treatment" for a serious medical condition can amount to deliberate indifference under the Eighth Amendment. *Id.* (citations omitted). *See also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (stating that "medical personnel cannot simply resort to an easier course of treatment that they know is ineffective"); *Greeno*, 414 F.3d at 655 (noting that persistence in a course of treatment "known to be ineffective" violates the Eighth Amendment)).

The complaint suggests that Doctor Afuwape may have been deliberately indifferent toward Plaintiff's medical needs, when he initially ignored Plaintiff's requests for treatment and then recommended a course of physical therapy that was ineffective. The Court cannot dismiss Count 1 against this defendant.

The Court will also allow this claim to proceed against Warden Foster, who denied Plaintiff's grievance(s) complaining about his inadequate medical care. *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). It is well settled that a government official is only liable for his or her own misconduct under § 1983. *Id*. at 781 (citation omitted). To recover damages against a supervisory official, a § 1983 plaintiff cannot rely on a theory of *respondeat superior*;

instead, he must allege that the defendant, through his or her own conduct, has violated the Constitution. *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). In the context of a medical needs claim, a prison official who is made aware of a prisoner's lack of medical care for a serious medical need, through a coherent and detailed grievance or some other correspondence, may be deliberately indifferent where he or she fails to intervene on an inmate's behalf and rectify the situation. *Id*. An inmate's "correspondence to a prison administrator may thus establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Id*. (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)). According to the complaint, Plaintiff filed multiple detailed grievances with Warden Foster, in order to notify him about Plaintiff's lack of medical care. On this basis, the Court will allow Count 1 to proceed against Warden Foster, in his individual capacity.

The claim shall also proceed against Warden Foster in his official capacity. Plaintiff seeks injunctive relief, in the form of appropriate medical care at an outside facility. The proper defendant in a claim for injunctive relief is the government official who is responsible for ensuring that any injunctive relief is carried out. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Warden Foster is the proper defendant for carrying out any injunctive relief that is ordered in this matter. Therefore, Count 1 shall also proceed against this defendant in his official capacity.

Count 1 shall be dismissed against Marjorie Weathers and Mary Johnson. Both of these defendants are named in the case caption and list of defendants. However, they are not mentioned in Plaintiff's statement of claim or in any of the attached exhibits. The Seventh Circuit has made it clear that "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

More is required to put defendants on notice of the claims against them, so they can properly answer the complaint and defend against the claims. *See also* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Absent any allegations describing the conduct of these defendants, the Court cannot allow this claim to proceed against either. Count 1 shall be dismissed without prejudice against Marjorie Weathers and Mary Johnson.

In summary, **Count 1** shall receive further review against Doctor Afuwape and Warden Foster. However, this claim shall be dismissed without prejudice against Marjorie Weathers and Mary Johnson.

### Pending Motion

Plaintiff filed a motion to appoint counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Stephen C. Williams** for a decision.

### Interim Relief

In the complaint, Plaintiff complains of an ongoing medical issue. He generally seeks treatment at an outside facility. However, Plaintiff does not request any sort of interim relief, in the form of a temporary restraining order ("TRO") or a preliminary injunction. Should Plaintiff deem it necessary to request a TRO or a preliminary injunction, he should file a separate motion pursuant to Federal Rule of Civil Procedure 65(a) or (b) indicating the exact form of relief he seeks, the reasons why he seeks said relief, and the factual allegations supporting his request.

### Disposition

**IT IS HEREBY ORDERED** that Defendants **MARJORIE WEATHERS** and **MARY JOHNSON** are **DISMISSED** without prejudice from this action because the complaint fails to state a claim against either defendant upon which relief may be granted.

**IT IS ORDERED** that with regard to **COUNT 1**, the Clerk shall prepare for Defendants

**CRAIG FOSTER** and **DOCTOR AFUWAPE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the motion to appoint counsel (Doc. 3), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 11, 2016**

s/ MICHAEL J. REAGAN
**Chief Judge,**
**United States District Court**